UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

IN RE:                                                CASE NO.: 20-17132-LMI

Carlos R. Weissenberg                                 Chapter 7

                    Debtor
_____/

Barry Mukamal, Trustee
            Plaintiff

        v.                                            Adv. No.

Carlos R. Weissenberg
            Defendant
_____/

## ADVERSARY COMPLAINT

COMES NOW, Barry Mukamal as the duly appointed Chapter 7 Trustee ("**Plaintiff**"), by and through the undersigned counsel, who files adversary against Carlos R. Weissenberg ("**Defendant**") and states:

### JURISDICTION

1.      This is a matter to which the court has venue under 28 U.S.C. §§ 1408, 1409(a) and 1441 et seq.

2.      This is a matter to which the court has appropriate jurisdiction under § 1334(b).

3.      This is a core proceeding as defined under 28 U.S.C. § 157.

### FACTS COMMON TO ALL COUNTS

4.      Plaintiff is the duly appointed Chapter 7 trustee and is an officer of the estate.

5.      Defendant voluntarily filed bankruptcy under Chapter 7 of title 11 of the United States Code on June 30, 2020 and is a debtor as defined under 11 U.S.C. § 101(13).

### Delayed Delivery of Schedules

6.      Defendant did not file schedules with his petition.

7.     On July 15, 2020, the Defendant filed his first motion to extend time to file schedules.("**Extend Motion 1**") [DE 9]

8.     The court granted Extend Motion 1 and gave the Defendant until July 28, 2020 to file schedules. [DE 10]

9.     The initial first meeting of creditors ("**First First Meeting**") was held on August 5, 2020, but the schedules had not been filed, and therefore the First First Meeting had to be continued. [DE 11]

10.     The second-scheduled meeting of creditors ("**Second First Meeting**") was scheduled for August 25, 2020 at 4:30 PM. [DE 11]

11.     On August 7, 2020, a second motion to extend time to file schedules was filed by the Defendant. ("**Extend Motion 2**")

12.     The court granted Extend Motion 2 and gave the Defendant until August 18, 2020 to file schedules. [DE 13]

13.     The Second First Meeting was held on August 25, 2020 at 4:30 PM [DE 4], but the schedules had not been filed, and therefore the Second First Meeting had to be continued. [DE 16]

14.     A third-scheduled  meeting of creditors ("**Third First Meeting**") was scheduled for September 9, 202 at 4:00  PM. [DE 16]

15.     The schedules were ultimately filed with payment advises, disclosure of compensation, statement of current monthly income on or about September 3, 2020. [DE 19-22]

16.     Irregularities occurred at this time. First, an Order to Show Cause was entered because the attorney for the Defendant had not appeared at a hearing. [DE 25] Secondly, an order was entered granting the Motion to Extend Time for Schedules, even though schedules had been filed and a previous order had been entered. [DE 26]

17.     Documents still had not been delivered to the Plaintiff, and the Third First Meeting was continued to a fourth-scheduled meeting to be held on October 6, 2020 at 4:30 PM. ("**Fourth First Meeting**") [DE 27]

18.     The Fourth First Meeting was concluded on October 8, 2020. [DE 45]

Tax Return Nondisclosure

19.     At the outset of the case, Plaintiff requested documents from the Defendant, including the tax returns for the past three years.

20.     The three years of tax returns were not delivered to Plaintiff before any of the following:

        a.      The First First Meeting;

        b.      The Second First Meeting;

        c.      The Third First Meeting; or

        d.      The Fourth First Meeting.

21.     Plaintiff had counsel appointed on October 14, 2020 and a Notice of Taking 2004 Examination Duces Tecum was scheduled for November 10, 2020 at 10:00 AM. ("**First 2004 Exam**") [DE 52]

22.     Attached to the notice for the First 2004 Exam was a subpoena. ("**October Subpoena**") [DE 52-1]

23.     Some documents were provided, but the majority were not.

24.     A November 4, 2020 letter was delivered to the Defendant again asking for delivery of the tax returns. The tax returns were not provided as requested in the November 4, 2020 letter.

25.     B ecause of these acts, Plaintiff was wrongly compelled to subpoena Defendant's tax preparer to obtain the records, as the Defendant had not provided the same. Such request was subjected to an order of the court which was entered on November 25, 2020. [DE 78]

26.     A January 13, 2021 letter was delivered to Defendant again asking for delivery of the tax returns. The tax returns were not provided as requested in the January 13, 2021 letter.

27.     The tax returns were delivered the second week of January, 2021, without any 1099, K-1, W-2, or other income verification documentation.

Corporate Records Nondisclosure

28.     From 2009 through 2019, Defendant worked primarily at a small business known as GTA Advisors, LLC. ("**GTA**"). Defendant owned 50% of GTA.

29.     GTA is an offshore corporation and obtaining documents other than through Defendant is extremely difficult because of such fact.

30.     Plaintiff requested Defendant to provide  documents of GTA.

31.     Requests have been made for those documents from the beginning of this case in June, subsequently through the October Subpoena and 2004 examination requests, through the original 2004 exam, and ultimately through the continued 2004 exam held on January 28, 2021.

32.    No tax returns, no books, no ledgers, no financial information, no bank account information, were delivered by Defendant to Plaintiff in regard to GTA.

33.    Defendant has affirmed that he had check writing authority over the GTA bank accounts until he retired on or about a few months prior to the bankruptcy filing.

34.    The only other party holding any interest in GTA is a Mr. Quiroga who is located in Bolivia.

35.    Defendant acknowledged at the 2004 examination that he never called, never emailed, never wrote a letter, nor otherwise communicated with Mr. Quiroga for any of the GTA documents.

36.    Defendant acknowledged at the January 28, 2021 2004 examination that he did not have the documents of GTA but that Mr. Quiroga did have those same documents.

37.    The importance of receiving these GTA documents is heightened by the fact that creditors have filed lawsuits against Defendant asserting malfeasance in Defendant's receiving hundreds of thousands of dollars for GTA and never returning the same to the investors; implying that there's either self-dealing, conversion, or other misappropriation of client funds in violation of the duties owed by Defendant

Transfer of GTA

38.    The schedules did not include any reference of the transfer of GTA by the Defendant to Mr. Quiroga

39.    At the First First Meeting of Creditors, Defendant acknowledged that he transferred his ownership interest in GTA to Mr. Quiroga without receiving any value. That transfer is the subject of an adversary proceeding filed in this bankruptcy case under 11 U.S.C. § 548.

40.     At the 2004 examination, Defendant asserted that he did not transfer the stock to Mr. Quiroga but rather annulled his ownership interest of GTA.

41.     The schedules do not show a gift of the stock by Defendant to Mr. Quiroga, the transfer by Defendant to Mr. Quiroga, the owning of the stock, or any other change of ownership interest in the stock of GTA by Defendant, which all occurred within one year of the bankruptcy filing.

42.     There is no dispute that Mr. Quiroga has a 100% interest in GTA by the Defendant's action of either annulling or transferring his interest in the GTA stock

Wife is Joint Debtor

43.     Defendant asserts a mortgage liens his home, but wrongly omits a joint debtor for the same obligation.

44.     The schedules do not include a co-debtor for any of the debts listed.

45.     Upon obtaining the mortgage and note for the debt associated with the homestead mortgage, it was discovered that Defendant's wife signed both the note and the mortgage.

46.     The mortgage was for a short period of time and ballooned years prior to the bankruptcy filing. ("**Balloon Mortgage**") The Balloon Mortgage vioates Florida statute and seeking damages in association with that violation is an asset of the estate which has not been scheduled.

47.     The failure of Defendant to include the wife as a codebtor,  to omit representation that the debt owed on the Balloon Mortgage, or to list the damage claim associated with Balloon Mortgage has been brought to the Defendant's attention, but the schedules have not been amended.

Missing Lawsuit Creditors

48.    Defendant, prior to the bankruptcy filing, was involved in two Miami-Dade court lawsuits involving malfeasance when handling funds of investors who worked with GTA,

49.    One Miami-Dade lawsuit's plaintiff is known as Denmark which sued Defendant for malfeasance and more.[Case 19-27629-CA-01] ("**Denmark Lawsuit**")

50.    Either in 2018 or 2019, Defendant cannot represent which was accurate, Defendant liquidated an IRA and paid $9,000 to his attorney to defend the Denmark Lawsuit.

51.    Denmark is not listed as a creditor in Defendant's schedules.

52.    The other Miami-Dade lawsuit against Defendant is by Duke Finance LTD ("**Duke**") Which sought damages against Defendant, GTA, and Mr. Quiroga for breach of fiduciary duty, negligence, and breach of contract. [Case 19-30511 CA 01] ("**Duke Lawsuit**")

53.    Duke is also not listed in the B schedules of Defendant.

54.    Defendant admits that the reason for filing bankruptcy was to stay the Denmark Lawsuit and discharge the Denmark debt.

55.    Defendant has testified that he will not amend his schedules to include Denmark as a creditor in Schedule B.

56.    Defendant has testified that he will not amend his schedules to include Duke as a creditor in Schedule B.

Failure to Comply With Order

57.    Ownership interest in a Country Club, or membership in the same, ("**Membership**") was not listed in the bankruptcy schedules, and remains unscheduled.

58.    Defendant mentioned the Membership at the First First Meeting.

59.    Documents for the same were requested by the Plaintiff and by counsel for the Trustee, but response was not given.

60.    Requests for the same were included in the October Subpoena.

61.    Ultimately, a Motion to Compel Turnover of the Membership (and other items)  was filed, which concluded with an order compelling Defendant to provide numerous items by a deadline. ("**Compel Order**") [DE 88]

62.    The Compel Order required delivery of the Membership by January 6, 2021.

63.    The Compel Order required delivery of written response to the October Subpoena [DE 52-1] by January 6, 2021.

64.    Neither the Membership nor the written response to the October Subpoena were provided by January 6, 2021; and, from such failure arrived the filing of a Certificate of Noncompliance. [DE 90]

65.    Appropriate rsponse ot the Compel Order continues as of the time of the filing of this adversary.

Languishing Responses

66.    Nothing in this case has been handled in an appropriate fashion, and especially has been devoid of expedient response or full response.

67.    As stated above, Plaintiff presently does not have the GTA documents as requested on numerous occasions, did not receive tax information, has not received responses to numerous requests for other documents, and has waited for these documents for more than seven months.

68.    No proper excuse has been given by Defendant to prohibit him from delivering the documents to the Plaintiff. The only excuse given by Defendant is that another party (Mr.

Quiroga) holds numerous documents of GTA, but that person's failure to deliver such to Plaintiff is exclusively because of Defendant's failure to request in writing, email, or telephonically the same documentation from Mr. Quiroga in Bolivia.

**Count I**
**11 U.S.C. § 727(a)(2)(A)**

69.     Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-68 as though fully set forth herein.

70.     Section 727(a)(2)(A) provides that the Court shall grant a discharge unless:

> the debtor, with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody or property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –
>
> > (A) property of the debtor, within one year before the date of the filing of the petition;

71.     By failing to disclose all of his personal property, including all of the property identified in the Trustee's Turnover Motion, Defendant concealed assets from the Plaintiff and Defendant's creditors.

72.     Defendant has concealed the personal property belonging to the Defendant prior to the filing of the bankruptcy case.

WHEREFORE, the Plaintiff respectfully requests that  the Court  deny the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(2)(A) of the United States Bankruptcy Code, and for such other relief as is just.

**Count II**
**11 U.S.C. § 727(a)(2)(B)**

73.     Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-68 as though fully set forth herein.

74.     Section 727(a)(2)(B) provides that the Court shall grant a discharge unless:

> the debtor, with the intent to hinder, delay, or defraud a creditor or an officer of the state charged with custody or property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –
>
> > (B) property of the estate, after the date of the filing of the petition;

75.     By failing to deliver all of his documents, including all of the GTA Records as well as items identified in the Trustee's Turnover Order, Defendant concealed the assets from the Plaintiff and Defendant's creditors.

76.     Defendant has concealed records belonging to the bankruptcy estate from an officer of the estate.

WHEREFORE, the Plaintiff respectfully requests that  the Court  deny the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(2)(B) of the United States Bankruptcy Code, and for such other relief as is just.

## Count III
## 11 U.S.C. §  727(a)(4)(A)

77.    Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-68 as though fully set forth herein.

78.    Section 727(a)(4)(A) provides that the Court shall grant a debtor a discharge unless the debtor knowingly and fraudulently made a false oath.

79.    Defendant knowingly and fraudulently made a false oath when he signed his Bankruptcy Filing, and, in particular, his Schedule A/B and accompanying Declaration Concerning Debtor's Schedules under oath and subject to the penalties for perjury in failing to disclose all of his personal property or liabilities as explained above.

WHEREFORE, the Plaintiff respectfully requests that  the Court  deny the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(4)(A) of the United States Bankruptcy Code, and for such other relief as is just.

## Count IV
## 11 U.S.C. §  727(a)(4)(A)

80.    Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-68 as though fully set forth herein.

81.    Section 727(a)(4)(A) provides that the Court shall grant a debtor a discharge unless the debtor knowingly and fraudulently made a false oath.

82.    Defendant knowingly and fraudulently made a false oath when then he testified at the meeting of creditors that he had listed or scheduled all of his assets or property.

83.    Defendant's testimony in this regard was false.

84.    Defendant otherwise provided and gave false testimony at his 2004 Examination.

WHEREFORE, the Plaintiff respectfully requests that the Court deny the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(4)(A) of the United States Bankruptcy Code, and for such other relief as is just.

## Count V
## 11 U.S.C. § 727(a)(4)(D)

85.    Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-68 as though fully set forth herein.

86.    Section 727(a)(4)(D) provides that the Court shall grant a discharge unless:

> the debtor knowingly and fraudulently, in or in connection with the case
> –
> > (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

87.    Defendant has failed to provide the Plaintiff with the requested documentation as recited above; and, by such act has withheld information from Plaintiff, an officer of the estate.

WHEREFORE, the Plaintiff respectfully requests that the Court deny the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(4)(D) of the United States Bankruptcy Code, and for such other relief as is just.

## Count VI
## 11 U.S.C. § 727(a)(6)(A)

88.    Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-68 as though fully set forth herein.

89.    Section 727(a)(6)(A) provides that the Court shall grant a discharge unless:

(6) the debtor has refused, in the case –
      (A) to obey any lawful order of the court, other than an order
      to response to a material question or to testify;

90.    To date, Defendant has refused to obey the Compel Order [DE 88] requiring Defendant to turnover various assets to the Trustee.

WHEREFORE, the Plaintiff respectfully requests that the Court deny the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(6)(A) of the United States Bankruptcy Code, and for such other relief as is just.

*Robert C. Meyer* /s/
Robert C. Meyer, P.A.
Florida Bar Number: 436062
2223 Coral Way
Miami, FL 33145
(305) 285.8838
(305) 285.8919 (fax)

Y:\Clients\13000\0009 - Weissenberg\Adv 727\Complaint 2021 02 10.wpd